(No. 11734.—Decree affirmed.)
JAMES C. RIDGWAY, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed December 19, 1917—Rehearing denied Feb. 6, 1918.*

TAX DEEDS—*what does not justify refusal of tender nor prevent adjudging costs.* The holder of a tax title is not obliged to accept a tender from anyone but the owner of the legal title or his representative, but where such owner offers to reimburse the holder of the tax deed, the latter cannot justify his refusal to accept the tender because there was a slight discrepancy in the description of the property between the bill to set aside the tax deed and the deed itself; nor will such discrepancy relieve him from payment of costs.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

WILLIAM GIBSON, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county setting aside a tax deed or deeds on the property described in the bill, as clouds upon the title of complainant.

The bill alleged the complainant was the owner of the property and in actual possession thereof; that it had been sold to Jacob Glos and D. Arnold for taxes and deeds issued on said sales; that a trust deed had been issued by Jacob Glos to August A. Timke, as trustee, and a quit-claim deed to Emma J. Glos of an interest in the property. The bill set out at length the grounds upon which it was alleged the tax deeds were invalid, and asked that said tax deeds be set aside and defendants enjoined from claiming or asserting any title in the real estate by virtue of said tax deeds, trust deed or quit-claim deed. Jacob Glos, Emma J. Glos and August A. Timke filed separate but identical answers to the bill. The answers denied the complainant was the owner of any title or interest in the property or that he was in possession thereof. The cause was referred to the master in chancery, who heard the evidence and reported, recommending a decree as prayed in the bill upon the reimbursement of Jacob Glos of the amount paid for the tax deeds, interest and costs, which had been tendered by appellee and the tender kept good, and that the costs be taxed against Jacob Glos. Upon the argument of exceptions to the report of the master before the chancellor it was contended by the defendants that there was a discrepancy between the description of the property set out in the bill and the description in the deed offered in evidence as proof of title. The case was re-referred to the master to take further proof upon that subject. The master heard further evidence and reported that the property described in the bill and that described in the deeds was the same. The court entered a decree granting the relief prayed, finding the amount paid by Jacob Glos for taxes, costs and interest, that said amount had been tendered defendants but which they had refused to accept, and ordering that said sum be deposited with the clerk of the court for said defendants, which was done, and the costs were taxed to Jacob Glos.

The grounds relied upon by appellants for a reversal of the decree are, that the deed to appellee did not describe the property described in the bill; that Jacob Glos was not bound to accept a tender from a stranger to the record title; that the court erred in taxing the costs to Jacob Glos, and that the proof did not show complainant was in possession.

The bill described the property as lot 40, in block 3, in C. Seipp's subdivision of the west half of the northwest quarter of section 25, township 38, north, range 14, east of the third principal meridian, in Cook county, Illinois. The deed under which appellee claimed title described the land as lot 40 in the subdivision of block 3 of Conrad Seipp's subdivision of the same 80-acre tract of land described in the bill. It is contended lot 40, in block 3, in C. Seipp's subdivision does not necessarily mean the same as lot 40 in the subdivision of block 3 of Conrad Seipp's subdivision. It is a little difficult to appreciate the distinction counsel seem to make, but if there was any uncertainty—and we do not say there was—about the two descriptions being of the same property it was cleared up when the re-reference was made to the master, who heard evidence and reported that said block 3 was never subdivided but once and that there is but one lot 40 in said block, and a plat of the subdivision of said block was introduced in evidence and reported by the master to the chancellor.

No effort is made by appellants to sustain the tax deeds, and the decree finding them invalid and setting them aside is not challenged. It is, however, very vigorously contended that there was such lack of identity between the description in the bill and in the deed that appellant Jacob Glos was not bound to accept the tender made him by appellee because appellee appeared to be a stranger to the title of record, and no one except the owner could make a valid tender to the holder of the tax title. On this ground it is contended it was erroneous to adjudge the costs against Glos. It is

not denied the tender made by appellee was of a sufficient amount to reimburse Glos for taxes, costs in procuring the tax deed and interest, and that the tender was deposited with the clerk of the court for his benefit. It is undoubtedly true that the holder of a tax title is not obliged to accept a tender from anyone but the owner of the legal title or his representative. The master found, and the court approved the finding, which we think was justified, that appellee was the owner, and we do not think there was any such discrepancy between the bill and the deed, in the description of the property, as to justify appellant Jacob Glos in refusing to accept the tender. *Phillips* v. *Glos,* (*ante,* p. 224.)

We think the proof sustained the allegation of the bill that appellee was in possession of the premises, and that there is no reversible error in this record.

*Decree affirmed.*

---

(No. 11489.—Appellate Court reversed; municipal court affirmed.)
G. S. COPPOLA, Plaintiff in Error, *vs.* THE MARDEN, ORTH & HASTINGS COMPANY, Defendant in Error.

*Opinion filed December 19, 1917—Rehearing denied Feb. 6, 1918.*

1. APPEALS AND ERRORS—*when the Supreme Court has power to issue writ of certiorari.* If the amount of the judgment of the trial court in an action on a contract exceeds $1000 the fact that the judgment is reversed by the Appellate Court, which enters a judgment for a sum less than $1000, does not deprive the Supreme Court of jurisdiction to issue a writ of *certiorari* under the Practice act.

2. CONTRACTS—*purchaser is not required to pay cash contrary to terms of contract in order to reduce damages for breach.* Where a contract for the sale of a specified number of barrels of olive oil during a year provides for sixty days' credit on each shipment the seller has no right to demand cash, and the measure of damages for the seller's refusal to carry out the contract is the difference between the contract price and market price of the oil bought by the purchaser, and not merely interest for sixty days on each purchase.